UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                        Case No. 14-29027-BKC-EPK
                                                              Chapter 11
TRIGEANT HOLDINGS, LTD., *et al.*[1],                         Jointly Administered

      Debtors.
_____/

## NOTICE OF APPEAL

Notice is hereby given that BTB Refining, LLC ("BTB"), pursuant to 28 U.S.C. § 158(a) and Rules 8001, 8002(a), and 8003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), files this notice of appeal to the United States District Court for the Southern District of Florida from the *Order On Debtors' Motion Pursuant to Bankruptcy Code Section 502(c)(1) to Estimate Lost Profits Claims Filed by BTB Refining, LLC* [ECF No. 477], annexed hereto as **Exhibit A**, signed by the Honorable Erik P. Kimball, United States Bankruptcy Judge, on March 26, 2015, and entered on the docket on March 27, 2015.

This notice of appeal is timely pursuant to Bankruptcy Rule 8002(a)(1).  The names of all parties to the order appealed from and the names, addresses, telephone numbers, and electronic mail addresses of their respective attorneys are as follows:

| | |
|---|---|
| Counsel to the Debtors | Counsel to the Consenting Owners[2] |
| Greenberg Traurig, LLP | Berger Singerman, LLP |
| 333 S.E. 2nd Avenue | 1450 Brickell Avenue, Suite 1900 |
| Miami, FL 33131 | Miami, FL 33131 |
| Attn.:  Mark D. Bloom, Esq. | Attn.:  Isaac M. Marcushamer, Esq. |
| Telephone:  (305) 579-0500 | Telephone:  (305) 755-9500 |
| Facsimile:  (305) 579-0717 | Facsimile:  (305) 714-4340 |
| E-mail:  bloomm@gtlaw.com | E-mail:  imarcushamer@bergersingerman.com |

---

[1] The Debtors in these jointly administered Chapter 11 cases are Trigeant Holdings, Ltd. ("Holdings"), Trigeant, LLC ("LLC"), and Trigeant, Ltd. ("Trigeant").

[2] The "Consenting Owners" are Harry Sargeant II, James Sargeant, and Daniel Sargeant.

1

4183.101/361589

Dated: April 10, 2015

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL   33134
Tel.: (305) 372-1800
Fax: (305) 372-3508
Email:  cwt@kttlaw.com
　　　　dlr@kttlaw.com

By: /s/ *David L. Rosendorf*
　　　Charles W. Throckmorton
　　　Fla. Bar No. 286192
　　　David L. Rosendorf
　　　Fla. Bar No. 996823

– and –

Deirdre B. Ruckman, Esq.
**GARDERE WYNNE SEWELL, LLP**
1601 Elm Street, Suite 3000
Dallas, TX 75201
Tel.: (214) 999-4250
Fax: (214) 999-3250
Email: druckman@gardere.com

*Counsel for BTB Refining, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notices of Electronic Filing in these bankruptcy cases.

By:  /s/ *David L. Rosendorf*
　　　David L. Rosendorf

2

4183.101/361589

**Electronic Service List Case No. 14-29027-EPK**

David M Bennett on behalf of Creditor EnCap Flatrock Midstream Fund II, L.P.
david.bennett@tklaw.com

Mark D. Bloom, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Debtor Trigeant, LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Debtor Trigeant, Ltd.
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Interested Party Trigeant, LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Interested Party Trigeant, Ltd.
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Stockholder Trigeant Holdings LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark Bonacquisti on behalf of Interested Party Oil Refinery, LLC
mark@mbpa-law.com, atty_ellison@trustesolutions.com, allusers@mbpa-law.com, annmarie@mbpa-law.com

Alan R Crane on behalf of Creditor Claims Purchase Systems, Inc.
acrane@furrcohen.com, pmouton@furrcohen.com, atty_furrcohen@bluestylus.com

John R. Dodd, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Debtor Trigeant, LLC
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Debtor Trigeant, Ltd.
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com
John R. Dodd, Esq. on behalf of Interested Party Trigeant, LLC
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Interested Party Trigeant, Ltd.
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Gregory S Grossman, Esq on behalf of Interested Party Mohammad Anwar Farid Al-Saleh

ggrossman@astidavis.com, ngonzalez@astidavis.com

Scott M. Grossman, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
grossmansm@gtlaw.com,
smithl@gtlaw.com;MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Debtor Trigeant, LLC
grossmansm@gtlaw.com, smithl@gtlaw.com; MiaLitDock@gtlaw.com; FTLLitDock@GTLaw.com; miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Debtor Trigeant, Ltd.
grossmansm@gtlaw.com,
smithl@gtlaw.com;MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Interested Party Trigeant, LLC
grossmansm@gtlaw.com, smithl@gtlaw.com; MiaLitDock@gtlaw.com; FTLLitDock@GTLaw.com; miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Interested Party Trigeant, Ltd.
grossmansm@gtlaw.com, smithl@gtlaw.com; MiaLitDock@gtlaw.com; FTLLitDock@GTLaw.com; miaecfbky@gtlaw.com

Jordi Guso, Esq. on behalf of Stockholder Daniel Sargeant
jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Stockholder Harry Sargeant, II
jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Stockholder James Sargeant
jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Charles H Lichtman on behalf of Debtor Trigeant Holdings, Ltd.
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Trigeant Holdings, LLC
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Trigeant Holdings, Ltd.
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Trigeant, Ltd.
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Daniel Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Harry Sargeant, II
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff James Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Stockholder Daniel Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Stockholder Harry Sargeant, II
clichtman@bergersingerman.com, lwebster@bergersingerman.com;efile@bergersingerman.com

Charles H Lichtman on behalf of Stockholder James Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Demetra L Liggins on behalf of Creditor EnCap Flatrock Midstream Fund II, L.P.
demetra.liggins@tklaw.com

Isaac M Marcushamer, Esq. on behalf of Other Professional Berger Singerman LLP
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Plaintiff Daniel Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Plaintiff Harry Sargeant, II
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Plaintiff James Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Stockholder Daniel Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com;efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Stockholder Harry Sargeant, II
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Stockholder James Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com;efile@ecf.inforuptcy.com

Michael C Markham on behalf of Creditor Bay Ltd.

mikem@jpfirm.com, minervag@jpfirm.com

Paul J McMahon, Esq on behalf of Creditor Odfjell Tankers AS
pjm@pjmlawmiami.com

Ari Newman, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ari Newman, Esq. on behalf of Interested Party Trigeant, LLC
newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ari Newman, Esq. on behalf of Interested Party Trigeant, Ltd.
newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jodi Ann Pandolfi on behalf of Creditor Bay Ltd.
jodi.pandolfi@bakermckenzie.com

Jodi Ann Pandolfi on behalf of Creditor Berry Contracting LP
jodi.pandolfi@bakermckenzie.com

Jodi Ann Pandolfi on behalf of Creditor Berry GP Inc.
jodi.pandolfi@bakermckenzie.com

Deirdre B. Ruckman on behalf of Creditor BTB Refining, LLC
druckman@gardere.com, koliver@gardere.com

Deirdre B. Ruckman on behalf of Interested Party Harry Sargeant, III
druckman@gardere.com, koliver@gardere.com

Jay Sakalo, Esq. on behalf of Creditor PDVSA Petroleo, S.A.
jsakalo@bilzin.com, eservice@bilzin.com;lflores@bilzin.com

Luis Salazar, Esq. on behalf of Creditor EnCap Flatrock Midstream Fund II, L.P.
salazar@salazarjackson.com, jackson@salazarjackson.com; dagley@salazarjackson.com; aguilar@salazarjackson.com; Lee-Sin@SalazarJackson.com; pacetti@salazarjackson.com; cloyd@salazarjackson.com

Luis Salazar, Esq. on behalf of Creditor Gravity Midstream Corpus Christi, LLC
salazar@salazarjackson.com, jackson@salazarjackson.com; dagley@salazarjackson.com; aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com; pacetti@salazarjackson.com; cloyd@salazarjackson.com

Diane W Sanders on behalf of Creditor Nueces County
austin.bankruptcy@lgbs.com

7

Paul Steven Singerman, Esq on behalf of Other Professional Berger Singerman LLP
singerman@bergersingerman.com, mdiaz@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jeffrey I. Snyder, Esq. on behalf of Creditor PDVSA Petroleo, S.A.
jsnyder@bilzin.com, eservice@bilzin.com; lflores@bilzin.com

Cristina M Suarez on behalf of Interested Party Mohammad Anwar Farid Al-Saleh
csuarez@astidavis.com

# EXHIBIT A

[Tagged]



**ORDERED in the Southern District of Florida on March 26, 2015.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | (Jointly Administered) |
| **TRIGEANT HOLDINGS LTD.,** | Case No. 14-29027-EPK |
| **TRIGEANT, LLC, and** | |
| **TRIGEANT, LTD.,** | |
| Debtors. | |
| _____/ | |

**ORDER ON DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTION 502(c)(1) TO ESTIMATE LOST PROFITS CLAIMS FILED BY BTB REFINING, LLC**

**THIS MATTER** came before the Court for evidentiary hearing on February 19, 2015 upon the *Debtors' Motion Pursuant to Bankruptcy Code Section 502(c)(1) to Estimate Lost Profits Claims Filed By BTB Refining, LLC* [ECF No. 305] (the "Motion") filed by Trigeant Holdings, Ltd. ("Holdings"), Trigeant, LLC ("LLC"), and Trigeant, Ltd. ("Trigeant", and together with Holdings and LLC, the "Debtors"). The Court has considered the Motion and all briefs filed in connection therewith, the arguments of counsel, and all evidence submitted

in connection with the Motion at the February 19, 2015 hearing. For the reasons that follow, the Court estimates BTB Refining, LLC's ("BTB") Lost Profits Claim (defined below) at $0.00.

**Background**

In 2002 and 2003, PDVSA Petróleo, S.A. ("PDVSA") and Trigeant entered into two contracts whereby PDVSA agreed to supply Trigeant with crude oil at a stated price. PDVSA delivered crude oil under the contracts. The parties failed to perform contractual obligations to mutual satisfaction. As a result of alleged defaults, Trigeant and PDVSA entered into arbitration. In 2006 and 2008, PDVSA obtained two arbitration awards against Trigeant.

After the first arbitration award but before the second arbitration award, American Capital Financial Services, Inc. ("AmCap") and Trigeant entered into a Credit Agreement under which AmCap made a loan in exchange for liens on substantially all of Trigeant's property, including a deed of trust on Trigeant's primary asset, a refinery in Corpus Christi, Texas. Trigeant used the borrowed funds to satisfy PDVSA's first arbitration award.

Trigeant eventually defaulted under the AmCap Credit Agreement. Harry Sargeant, III, one of four related equity owners of Trigeant, formed BTB to acquire the AmCap loan and eventually to take control of the refinery. Trigeant continued to be in default under the AmCap loan then and now owned by BTB. On March 4, 2008, BTB foreclosed on the refinery and entered a winning credit bid at the public auction. BTB was the only bidder present at the sale. About six months later, BTB foreclosed on Trigeant's remaining personal property.

In 2009, PDVSA brought suit against Trigeant and BTB in the United States District Court for the Southern District of Texas. In the Texas litigation, among other things, PDVSA sought reversal of the March 4, 2008 foreclosure sale of the oil refinery on state law theories of fraudulent transfer. The Texas District Court conducted a bench trial and entered Findings of Fact and Conclusions of Law on August 7, 2012. On January 14, 2013, the Texas

District Court entered final judgment avoiding the foreclosure sale, re-lodging title to the refinery in Trigeant subject to the liens of BTB and PDVSA.

In November, 2012, during the pendency of the Texas District Court litigation, at a time when BTB was in exclusive possession and control of the refinery, BTB and Freepoint Commodities Trading and Marketing LLC ("Freepoint") negotiated a Tank Lease Agreement. Under the Tank Lease Agreement, Freepoint would lease storage tanks on the refinery premises. Because the Texas District Court had entered its Findings of Fact and Conclusions of Law finding that the BTB foreclosure sale was a fraudulent transfer, but had not yet entered final judgment, which would undo BTB's foreclosure and re-vest title to the refinery in Trigeant, Freepoint required assurance that the final judgment would not affect BTB's ability to perform under the Tank Lease Agreement. To memorialize Freepoint's ability to continue to use the refinery even after title re-vested in Trigeant, Trigeant joined in the Tank Lease Agreement. The Tank Lease Agreement between BTB and Freepoint and joined by Trigeant is dated December 1, 2012. On December 5, 2012, Trigeant and BTB signed a two-page letter of intent (the "LOI") to enter into a lease of the refinery for the remaining term of the Tank Lease Agreement. Counsel for BTB and Trigeant traded e-mail correspondence and reviewed drafts of a lease in January and early February of 2013.

Trigeant and BTB never executed a formal lease of the refinery as contemplated in the LOI. Mr. Stephen Roos, manager of LLC, which is in turn the general partner of Trigeant, stated that Trigeant had changed its mind about the lease, and referred further questions to Daniel Sargeant, an equity owner of the Debtors. Daniel Sargeant did not recall any details about the lease.

As previously noted, the Tank Lease Agreement contemplated only crude oil storage at the refinery. BTB argues that in late 2012 and early 2013, BTB and Freepoint discussed

3

extending the Tank Lease Agreement and adding the processing of crude oil at the refinery. Ultimately, however, the Tank Lease Agreement expired in December, 2013, and BTB and Freepoint did not enter into any agreement to process crude oil at the refinery.

On August 25, 2014, Holdings and LLC filed two of the above-captioned jointly administered bankruptcy cases, and Trigeant joined them on September 16, 2014.

Following the entry of this Court's *Order Sustaining Joint Objection to Claim of PDVSA Petróleo, S.A.*, BTB filed amended claim number 4-2 against LLC and amended claim number 13-2 against Trigeant (together, the "Amended Claim"). The Amended Claim includes an unsecured portion in the amount of $35,124,571.67. Of this amount, $2,520,331.67 "represents payments made by BTB on behalf of Trigeant, including insurance, capital expenditures, and payment of creditors of the Debtor" and is not at issue in the present Motion. The remaining unsecured portion of BTB's claim in the amount of "at least $32,604,240.00" represents Trigeant's alleged liability to BTB for "breach of contract, tortious interference with contract, tortious interference with prospective contractual or business relations, negligent misrepresentation, fraud and conspiracy, and such other claims that have been or may be asserted in the action styled as *BTB Refining, LLC v. Trigeant Ltd. et al.*, Cause No. 2013-38405 pending in the District Court of Harris County, Texas" (the "Lost Profits Claim"). The Amended Claim states that the calculation of lost profits represents net profits from unrealized processing and facility lease revenues during 2013 and 2014. In short, BTB argues that it is entitled to the lost profits it would have earned in 2013 and 2014 but for Trigeant's failure to enter into the lease contemplated in the LOI.

**11 U.S.C. § 502(c) Estimation**

If the Court determines that the fixing or liquidation of any contingent or unliquidated claim would unduly delay the administration of the case, then the Court shall estimate the

4

claim for purpose of allowance under section 502 of the Bankruptcy Code. 11 U.S.C. § 502(c)(1). In general, the estimated claim amount becomes binding on the parties for all purposes in the case, including voting on a plan and distribution. In this case, it is not disputed that the fixing or liquidation of BTB's Lost Profits Claim, through a full trial on the merits, would unduly delay the administration of these cases. The Court will estimate the claim pursuant to 11 U.S.C. § 502(c)(1).

There is no set procedure to estimate the amount of a claim. The bankruptcy court is bound by the legal rules which govern the ultimate value of the claim, should use whatever method is best suited to the circumstances, and will only be overturned in the event of an abuse of discretion. *In re Brints Cotton Mktg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984). In this case, the Court heard argument, considered the briefs, and considered evidence submitted including affidavits, depositions, declarations, agreements, court orders, e-mail communications, and tables. The Court determined that the best approach for estimation in this matter is to multiply the face amount of the Lost Profits Claim by the probability that a trier of fact may find in favor of BTB.

**Intentional Interference With Prospective Business Relations**

BTB contends that Trigeant's liability for its Lost Profits Claim arises as a result of Trigeant's intentional interference with BTB's prospective business relationship with Freepoint, as determined by Texas law. Under Texas law, to prevail on a claim for tortious interference with prospective business relations, the plaintiff must establish that: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently

5

tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013) (citations omitted). The plaintiff must prove each and every element of the claim in order to prevail.

Based on the evidence presented, the Court determines that a trier of fact could not find in favor of BTB on the second element (intent and knowledge) or the third element (independently tortious or unlawful conduct) of its Lost Profits Claim. Because there is zero probability that a trier of fact could find in favor of BTB on two elements of the claim, and all elements are required to prevail, there is zero probability that BTB will prevail on its claim. As such, the estimated amount of BTB's Lost Profits Claim is $0.00, and the claim will be treated as disallowed for all purposes in this case. The Court briefly reviews each element of the claim.[1]

**Reasonable probability of a business relationship with a third party**

BTB alleges that there was a reasonable probability it would enter into an agreement with Freepoint for the processing of crude oil beginning around March, 2013. Trigeant and BTB submitted competing testimony from individuals employed by Freepoint at different times during the relevant period. BTB also points to e-mail correspondence very briefly referencing projects discussed with Freepoint, other deals to come, and exploration of additional opportunities.

The declaration of Aaron Markley from Freepoint and the declaration of Kevin Kirkeide, the manager of BTB, mention specifically the processing of crude oil. Yet to the

---

[1] In the following paragraphs, the Court assigns levels of probability to the remaining elements of BTB's claim. This information is provided solely to present a complete view of the Court's analysis. However, because BTB cannot prove two of the required elements of the cause, the assigned probabilities have no bearing on the Court's ruling.

extent the scant e-mail correspondence relied on by BTB indicates discussion with Freepoint outside the Tank Lease Agreement, it lists certain business activities but conspicuously fails to mention crude oil processing. There is a remarkable lack of documentary evidence of any negotiations or even discussions between BTB and Freepoint about processing crude oil, particularly if the processing was to begin in March, 2013 and at the significant volume claimed by BTB. In stark contrast, BTB and Freepoint exchanged an Indicative Term Sheet and proposed, written amendment to the Tank Lease Agreement when they were negotiating an extension of the Tank Lease Agreement in October and November of 2013. Based on the evidence presented, it appears highly unlikely that BTB could prove there was a reasonable probability of a business relationship with Freepoint beyond the Tank Lease Agreement, consistent with Texas law. On the other hand, a trier of fact might believe the testimony of Mr. Kirkeide and Mr. Markley and find that sufficient. The Court estimates the probability of success on this element at 10%.

**Conscious desire to prevent the relationship or knew interference was certain or substantially certain to occur as a result of the conduct**

There is no evidence before the Court showing that Trigeant acted with a conscious desire to prevent any relationship between BTB and Freepoint. The evidence indicates only that Trigeant did not enter into the lease. The reason for this is not known.

Nothing in the evidence shows that Trigeant, in early 2013 at the time it failed to enter into the lease contemplated by the LOI, knew that BTB contemplated entering into an agreement for the processing of crude oil with anyone. Trigeant knew of the Tank Lease Agreement; it was a party to that document. The Tank Lease Agreement dealt only with crude oil storage. It is unclear whether the LOI contemplated a lease of the refinery limited to performance of the Tank Lease Agreement or whether it contemplated a general lease of the refinery to BTB permitting other activity (this is addressed again below). The fact that

7

BTB proposed a form of lease under which BTB would have general control over the refinery does not indicate that Trigeant knew that BTB intended to enter into an agreement with Freepoint, or anyone else, to use the refinery to process crude oil. If Trigeant did not know of a specific future relationship, then it could not have known that its failure to enter into the lease was certain or substantially certain to result in interference with that relationship. There is simply no evidence before the Court to satisfy this element of the claim and so there is no probability of success.

### Independently tortious or unlawful conduct

BTB argues that Trigeant breached the LOI by failing to enter into a formal lease of the refinery with BTB. To support this claim, Texas law requires that Trigeant's actions be independently tortious or unlawful. It is unclear how severe the independently tortious or unlawful conduct must be to satisfy this element of the claim. *See Wal-Mart Stores, Inc. v. Sturges,* 52 S.W.3d 711 (Tex. 2001). It appears that the conduct must be tort-like, such as fraud or misrepresentation. In any case, a simple breach of contract is not enough. Even if BTB is arguing that Trigeant willfully breached the LOI, and even if a willful breach of contract satisfies this element of the claim under Texas law, there is no evidence that Trigeant willfully breached the LOI. The evidence shows only that Trigeant did not enter into the lease; the reason for this is not known. Based on the evidence presented, a trier of fact could not find in BTB's favor on this element of the claim and so the probability of success on this element is 0%.

### Proximate cause

Assuming Trigeant interfered with a prospective business relationship between BTB and Freepoint, that interference must have proximately caused injury to BTB. Trigeant and BTB dispute whether the intent of the LOI was for the parties to enter into a lease of the

refinery solely to permit BTB to perform under the Tank Lease Agreement (*i.e.*, only for crude oil storage) or whether the contemplated lease would permit other uses of the refinery such as the processing of crude oil allegedly contemplated by BTB and Freepoint. There is evidence to support both views. If the lease was intended to be a full lease with no use restriction and would simply terminate when the Tank Lease Agreement terminated, then it is likely that Trigeant's failure to enter into the lease, assuming all other elements are satisfied, was a proximate cause of damage to BTB. If, on the other hand, the LOI contemplated a lease that was coextensive in all ways with the Tank Lease Agreement and did not permit any other use of the refinery, then there can be no causal connection between Trigeant's failure to enter into a lease and the damage claimed by BTB. Based on the evidence before the Court, again assuming all other elements are met, the Court assigns a 50% probability that a trier of fact would find in favor of BTB on the element of proximate cause.

**Damages**

BTB must have suffered actual damage or loss as a result of Trigeant's actions. BTB's alleged damages are lost profits. The amount of the loss must be shown by competent evidence with reasonable certainty. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992). This is a fact-intensive determination. *Id.* "At a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *Id.*

Based on the evidence presented here, the damages claimed by BTB are highly speculative. Contradictory information exists as to whether the refinery is even physically capable of doing what BTB alleges was contemplated with Freepoint. Both the total throughput and the per barrel profit appear to be moving targets. There is no concrete

evidence based on prior processing volume at the refinery, or even based on similar processing at another facility of parallel ability. There is no market data to support BTB's claimed per barrel pricing; BTB relies solely on potential testimonial evidence. There is no historical data to support the alleged expenses of production. These are just examples of the kinds of evidence that might support BTB's claim. Such evidence was not presented. Little other evidence was offered to fill the vacuum. BTB's damages table is, to a great extent, built on a cloud. From what is before the Court, it appears unlikely that BTB would be able to prove any amount of damages with reasonable certainty. Based on the very limited evidence here, the Court assigns a 10% likelihood of BTB being able to prove damages sufficient to support an award consistent with Texas law.

**Pursuit of the Lost Profits Claim Does Not Constitute a Collateral Attack on the Rulings of the Texas District Court**

The Debtors argue that BTB's pursuit of the Lost Profits Claim constitutes a collateral attack on the rulings of the Texas District Court, on the theory that the District Court addressed any and all right of BTB to possession of the refinery. Yet the Texas District Court was asked to consider only the rights of the parties in light of the Tank Lease Agreement with Freepoint. Based on the evidence here, the possibility of other business relations involving Freepoint and the refinery was not presented to the Texas District Court and so was not the basis for any ruling. Nothing in the rulings of the Texas District Court precludes pursuit of the Lost Profits Claim in the state court where it was initially brought or in these jointly administered cases.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  The Motion [ECF No. 305] is GRANTED as stated herein.

2. BTB's Lost Profits Claim is estimated in the amount of $0.00 pursuant to 11 U.S.C. § 502(c)(1). For all purposes in these jointly administered cases, the Lost Profits Claim is disallowed.

###

Copies furnished to:

Scott M. Grossman, Esq.

*Scott M. Grossman, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service.*