UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE

TRIGEANT HOLDINGS, LTD., et al.          CASE NO. 14-29027-EPK

    Debtors.                                       CHAPTER 11
_____/

### BTB REFINING, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY

**[Movant requests that the Court schedule a hearing on this motion at the same time as the pending May 4, 2015 confirmation hearing in these cases]**

BTB Refining, LLC ("BTB") moves for an order pursuant to 11 U.S.C. § 362(d)(1) and Fed.R.Bankr.P. 4001 lifting the automatic stay to permit BTB to exercise all of its remedies as a secured creditor of the Debtors, including without limitation:

- Foreclosure of all liens that BTB currently possesses or may possess in the future against the Debtors' property (including, without limitation, Trigeant, Ltd.'s refinery property in Corpus Christi, TX (the "Refinery");

- Continuation of BTB's action (the "Maryland Action") against Debtors Trigeant Holdings, Ltd. ("Holdings") and Trigeant, LLC ("TLLC") pending in the Circuit Court for Montgomery County, Maryland (the "Maryland Court"), including obtaining a ruling on pending summary judgment motions on which the Maryland Court was prepared to rule; and, assuming the Maryland Court grants judgment in BTB's favor, to permit BTB to exercise such remedies as are appropriate consistent with the Maryland Court's ruling.

### FACTS

#### BTB's Secured Claims

1.    BTB is the largest creditor in this case. It holds or controls more than $67 million in first- and second-priority secured claims against all assets of the "operating" Debtor, Trigeant, Ltd. ("Trigeant") (which, in reality, has not itself conducted any meaningful operations

in over six years; all activity since 2009 at the Trigeant refinery in Corpus Christi, TX, has been conducted by, and at the expense, of BTB).

2. BTB owns and holds the first-priority lien on Trigeant's assets, which it purchased in 2007, and which Trigeant has failed and refused to pay for more than seven years. As of February 11, 2015, BTB's first lien is in the amount of $27,185,217.14,[1] with interest continuing to accrue at the rate of approximately 14% per annum, compounded monthly. Attorneys' fees secured by this lien also continue to accrue.

3. BTB also has the option to acquire the second position secured claim (the "PDVSA Secured Claim") held by PDVSA Petroleo, S.A. ("PDVSA"). All timely objections to the PDVSA Secured Claim have been overruled by final orders of this Court.[2] The amount of the PDVSA Secured Claim, calculated pursuant to this Court's Interest Rate Order,[3] is at least $40,374,633.08,[4] with interest continuing to accrue.

4. BTB also has a lien on all equity interest in Trigeant held by the other two debtors in these cases, Trigeant Holdings, Ltd. ("Holdings"), and Trigeant, LLC ("TLLC"). BTB's secured claims arise out of a loan transaction that was executed in 2006 (the "Loan Transaction"). In the fall of 2006, Trigeant borrowed approximately $22 million from American Capital Strategies, Ltd. ("AmCap"). As part of the Loan Transaction, among the many documents executed to consummate the loan ("Loan Documents"), both Holdings and TLLC executed a Pledge Agreement by which they pledged to AmCap a security interest in all of their

---

[1] See *Amended Order on Amended Motion for Allowance of Claim for Interest, Fees, Costs and Expenses* (ECF No. 492), noting principal balance of $22,565,193.55, and allowing interest, costs, and fees, through February 11, 2015, in the total amount of $4,620,023.59.

[2] See *Order Overruling Objection to Claim No. 8* (ECF No. 435).

[3] *Order Sustaining Joint Objection to Claim of PDVSA Petroleo, S.A.* (ECF No. 289).

[4] If the pending appeal of the Interest Rate Order by BTB and PDVSA is successful, this amount will be more than $15 million higher.

2

ownership interests in Trigeant. The security interest secured all of Trigeant's obligations in connection with the Loan Transaction.

5. In the summer of 2007, Trigeant defaulted on its obligations under the Loan Transaction, and AmCap commenced foreclosure proceedings. In December 2007, before AmCap proceeded with a foreclosure sale, BTB acquired all of AmCap's rights under the Loan Transaction through an Assignment and Acceptance Agreement. As a result, BTB now holds all of AmCap's rights in connection with the Loan Transaction, including all rights against Holdings and TLLC under the Pledge Agreement.

6. The defaults under the Loan Documents continue to this date.

7. Upon an event of default, the Pledge Agreement gave AmCap (and now its assignee, BTB) the following rights:

- The right to all of TLLC and Holdings' voting and other consensual rights to Trigeant, including the right to receive and hold dividends and interest payments;

- The right to notify each debtor of Trigeant to make payments directly to AmCap;

- The option to exercise all rights of conversion, exchange, subscription, or any other rights or privileges or options pertaining to TLLC and Holdings' shares in Trigeant;

- The rights to have any dividends, distributions, interest and other payments made by Trigeant to be segregated, held in trust, and paid over to AmCap;

- The right to execute agreements, instruments, or other documents in TLLC and Holdings' name and to file such documents in any appropriate filing office, including the filing of financing statements;

- The right to act as TLLC and Holdings' attorney-in-fact and proxy to take any action and to execute any instrument that AmCap may deem necessary to accomplish the purposes of the Pledge Agreement;

- The right to perform all obligations contained in the Pledge Agreement on behalf of TLLC and Holdings if they fail to perform such obligations themselves, and the right to recover expenses incurred in connection with the performance of such obligations;

- The right to transfer or register into AmCap's name any or all of the Pledged Collateral, or to exchange TLLC and Holdings' pledged certificates or instruments for other certificates or instruments of smaller or larger denominations;

- The right to sell all or any part of the Pledged Collateral in the manners authorized pursuant to the Pledge Agreement and Maryland law;

- The right to exercise, with respect to the Pledged Collateral, all rights and remedies of a secured party on default under the Maryland Uniform Commercial Code;

- The right to apply any cash held as Pledged Collateral or realized from the Pledged Collateral against all or any part of Trigeant's obligations under the Credit Agreement.

### The Maryland Action

8. As a result, BTB filed the Maryland Action to obtain a declaratory judgment that it was entitled to exercise the foregoing rights. The Maryland Action was filed on July 3, 2013.

9. BTB filed a motion for summary judgment ("Summary Judgment Motion") in the Maryland Action on February 11, 2014. After the Summary Judgment Motion was fully briefed, the Maryland Court held a status conference hearing on August 20, 2014, at which the court announced that it was prepared to rule on the summary judgment motion. BTB incorporates by reference its *Plaintiffs' Motion for Summary Judgment* filed in the Maryland Action (filed in this case as ECF Nos. 16-1 through 16-5).

10. In an attempt to buy time before the Maryland Court issued its ruling, Holdings and TLLC's counsel pointed out to the judge that BTB was an involuntary debtor in a case before this Court (*In re BTB Refining, Ltd.*, Case No. 14-26919-EPK; this Court ultimately abstained from hearing that case, finding that the Debtors' principals had orchestrated it for an improper purpose in their ongoing "war" against BTB and its owner, Harry Sargeant III). Counsel requested additional time to brief whether the automatic stay in the BTB involuntary

case prevented the Maryland Court from ruling on BTB's motion. The Maryland court asked the parties to submit papers addressed to this limited issue by 4:00pm, Monday, August 25, 2014.

11. On the afternoon of August 25, after BTB filed its brief demonstrating the Maryland Court's ability to proceed unimpeded by the automatic stay, Holdings and TLLC filed a two-sentence brief acknowledging that the automatic stay did not affect the continued litigation of the Maryland Action commenced by BTB. Only minutes later, Holdings and TLLC filed their voluntary Chapter 11 petitions in this Court and filed a Suggestion of Bankruptcy in the Maryland Action.

### *Trigeant I*

12. During the course of Trigeant's prior failed Chapter 11 case (Case No. 13-38580-EPK)("*Trigeant I*"), Trigeant proved entirely unfit to protect and preserve the value of its assets. Trigeant had no business operations, allowed the refinery to go into disuse, and incurred hundreds of thousands of dollars of administrative expense obligations to related entities under the control of their ultimate principal, Harry Sargeant, Jr., some of which now appear as unpaid debts in these cases.

### *Trigeant II* and the Dock Order

13. In the current cases (collectively "*Trigeant II*"), a confirmation hearing is scheduled on the Debtors' joint plan of reorganization (ECF No. 107) (the "Plan"). The Plan calls for full payment of all creditors, and is based upon the sale of substantially all property of Trigeant's estate, including the sale and assignment of the "Dock Use Agreement", as defined in this Court's April 8, 2015 *Order Granting Joint Request for Expedited Ruling on Ownership of Bay/Berry Agreements* (ECF No. 508) (the " Dock Order").

14. The proposed purchaser of Trigeant's assets, Gravity Midstream Corpus Christi, LLC ("Gravity") has repeatedly confirmed that it will not close on the proposed purchase unless the Dock Use Agreement is included in the assets being conveyed. The Debtors have recently granted Gravity the unfettered right to walk away from the transaction, without financial penalty, at any time prior to confirmation.

15. In the Dock Order, this Court ruled that the Dock Use Agreement is not property of the estate and may not be sold pursuant to the Debtors' Plan.

## DISCUSSION

16. Under 11 U.S.C. § 362(d)(1) stay relief may be granted "for cause." The Bankruptcy Code does not define "cause," and courts generally must determine such motions on a case-by-case basis. *See, e.g.*, *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990).

17. In this case, cause exists for stay relief. The Trigeant II cases represent the Debtors' second attempt to frustrate BTB's efforts to realize upon the value of a loan that it purchased, at full par value, in 2007, and which the Debtors have failed and refused to pay ever since.

18. BTB will file a timely formal objection to confirmation of the Plan. However, it is now clear that the Debtors are incapable of confirming a plan within a reasonable time, given that they have been trying and failing to do so since *Trigeant I* was filed in November 2013.

19. The current Plan is unconfirmable for multiple reasons, including, without limitation, (i) the sale to Gravity cannot now proceed in light of the Dock Order; (ii) the Plan is not feasible because the Gravity sale, even if consummated, would not generate sufficient revenues to enable the Debtors to perform under the Plan by paying all creditors in full; (iii) the Plan improperly and illegally proposes to "reserve" payment to holders of allowed claims due to

alleged contingent setoff rights and "modern counterclaim practice;" and (iv) the Plan is proposed in bad faith pursuant to the Debtors' principals' ongoing "war" against Harry Sargeant III.

20. In satisfaction of the Court's Guidelines for Motions for Relief from the Automatic Stay, BTB incorporates by reference its September 2, 2014 *Motion for Relief from Stay* (Case No. 14-29030-EPK ECF#17) and the attachments thereto, including: (a) the affidavit of Kevin Kirkeide (ECF#17-1 P26-30); (b) the Credit Agreement (ECF#17-1P32-60 – ECF#17-2 P1-46); (c) the Security Agreement (ECF#17-2 P47-60 – ECF#173-3 P1-19); (d) the Deed of Trust (ECF#17-3 P20-39); (e) the Pledge Agreement (ECF#17-3 P40-60 – ECF#17-4 P1-10); (f) the Assignment and Acceptance Agreement (ECF#17-4 P17-23); (g) the Texas District Court Final Judgment (ECF#17-4 P27-39); and (h) the Texas District Findings of Fact and Conclusions of Law (ECF#17-4 P40-60, ECF#17-5 P1). With respect to the amount of the indebtedness, as stated above, BTB refers to the Court's *Amended Order on Amended Motion for Allowance of Claim for Interest, Fees, Costs and Expenses* (ECF#492).

21. BTB requests that the Court schedule a hearing on this motion to coincide with the scheduled May 4 confirmation hearing and, in the expected event that it denies confirmation of the Plan (or the Plan is withdrawn or otherwise becomes moot), that it enter an order lifting the stay to permit BTB to exercise all of its remedies (whether in its own right or based upon an assignment of the PDVSA Secured Claim) as a secured creditor.

          **KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Miami, FL   33134
Tel.: (305) 372-1800
Fax: (305) 372-3508
Email:  cwt@kttlaw.com
         dlr@kttlaw.com

By: /s/ *Charles W. Throckmorton*
      Charles W. Throckmorton
      Fla. Bar No. 286192
      David L. Rosendorf
      Fla. Bar No. 996823

      – and –

Deirdre B. Ruckman, Esq.
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, TX 75201
Tel.: (214) 999-4250
Fax: (214) 999-3250
Email: druckman@gardere.com

*Counsel for BTB Refining, LLC*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on April 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notices of Electronic Filing in this appeal.


            By:    */s/Charles W. Throckmorton*
                   Charles W. Throckmorton

8

**Electronic Service List Case No. 14-29027-EPK**

David M Bennett on behalf of Creditor EnCap Flatrock Midstream Fund II, L.P.
david.bennett@tklaw.com

Mark D. Bloom, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Debtor Trigeant, LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Debtor Trigeant, Ltd.
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Interested Party Trigeant, LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Interested Party Trigeant, Ltd.
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark D. Bloom, Esq. on behalf of Stockholder Trigeant Holdings LLC
bloomm@gtlaw.com, MiaLitDock@gtlaw.com, miaecfbky@gtlaw.com

Mark Bonacquisti on behalf of Interested Party Oil Refinery, LLC
mark@mbpa-law.com, atty_ellison@trustesolutions.com, allusers@mbpa-law.com, annmarie@mbpa-law.com

Alan R Crane on behalf of Creditor Claims Purchase Systems, Inc.
acrane@furrcohen.com, pmouton@furrcohen.com, atty_furrcohen@bluestylus.com

John R. Dodd, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Debtor Trigeant, LLC
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Debtor Trigeant, Ltd.
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Interested Party Trigeant, LLC
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

John R. Dodd, Esq. on behalf of Interested Party Trigeant, Ltd.
doddj@gtlaw.com, miaecfbky@gtlaw.com; mialitdock@gtlaw.com

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
Heidi.A.Feinman@usdoj.gov

Gregory S Grossman, Esq on behalf of Interested Party Mohammad Anwar Farid Al-Saleh
ggrossman@astidavis.com, ngonzalez@astidavis.com

Scott M. Grossman, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
grossmansm@gtlaw.com,
smithl@gtlaw.com;MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Debtor Trigeant, LLC
grossmansm@gtlaw.com, smithl@gtlaw.com; MiaLitDock@gtlaw.com; FTLLitDock@GTLaw.com; miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Debtor Trigeant, Ltd.
grossmansm@gtlaw.com,
smithl@gtlaw.com;MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Interested Party Trigeant, LLC
grossmansm@gtlaw.com, smithl@gtlaw.com; MiaLitDock@gtlaw.com; FTLLitDock@GTLaw.com; miaecfbky@gtlaw.com

Scott M. Grossman, Esq. on behalf of Interested Party Trigeant, Ltd.
grossmansm@gtlaw.com, smithl@gtlaw.com; MiaLitDock@gtlaw.com; FTLLitDock@GTLaw.com; miaecfbky@gtlaw.com

Jordi Guso, Esq. on behalf of Stockholder Daniel Sargeant
jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Stockholder Harry Sargeant, II
jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jordi Guso, Esq. on behalf of Stockholder James Sargeant
jguso@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Charles H Lichtman on behalf of Debtor Trigeant Holdings, Ltd.
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Trigeant Holdings, LLC
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Trigeant Holdings, Ltd.
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Trigeant, Ltd.
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Daniel Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff Harry Sargeant, II
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Plaintiff James Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Stockholder Daniel Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Charles H Lichtman on behalf of Stockholder Harry Sargeant, II
clichtman@bergersingerman.com, lwebster@bergersingerman.com;efile@bergersingerman.com

Charles H Lichtman on behalf of Stockholder James Sargeant
clichtman@bergersingerman.com, lwebster@bergersingerman.com; efile@bergersingerman.com

Demetra L Liggins on behalf of Creditor EnCap Flatrock Midstream Fund II, L.P.
demetra.liggins@tklaw.com

Isaac M Marcushamer, Esq. on behalf of Other Professional Berger Singerman LLP
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Plaintiff Daniel Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Plaintiff Harry Sargeant, II
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Plaintiff James Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Stockholder Daniel Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com;efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Stockholder Harry Sargeant, II
imarcushamer@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Isaac M Marcushamer, Esq. on behalf of Stockholder James Sargeant
imarcushamer@bergersingerman.com, fsellers@bergersingerman.com; efile@bergersingerman.com;efile@ecf.inforuptcy.com

Michael C Markham on behalf of Creditor Bay Ltd.
mikem@jpfirm.com, minervag@jpfirm.com

Paul J McMahon, Esq on behalf of Creditor Odfjell Tankers AS
pjm@pjmlawmiami.com

Ari Newman, Esq. on behalf of Debtor Trigeant Holdings, Ltd.
newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ari Newman, Esq. on behalf of Interested Party Trigeant, LLC
newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Ari Newman, Esq. on behalf of Interested Party Trigeant, Ltd.
newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jodi Ann Pandolfi on behalf of Creditor Bay Ltd.
jodi.pandolfi@bakermckenzie.com

Jodi Ann Pandolfi on behalf of Creditor Berry Contracting LP
jodi.pandolfi@bakermckenzie.com

Jodi Ann Pandolfi on behalf of Creditor Berry GP Inc.
jodi.pandolfi@bakermckenzie.com

Deirdre B. Ruckman on behalf of Creditor BTB Refining, LLC
druckman@gardere.com, koliver@gardere.com

Deirdre B. Ruckman on behalf of Interested Party Harry Sargeant, III
druckman@gardere.com, koliver@gardere.com

Jay Sakalo, Esq. on behalf of Creditor PDVSA Petroleo, S.A.
jsakalo@bilzin.com, eservice@bilzin.com;lflores@bilzin.com

Luis Salazar, Esq. on behalf of Creditor EnCap Flatrock Midstream Fund II, L.P.
salazar@salazarjackson.com, jackson@salazarjackson.com; dagley@salazarjackson.com; aguilar@salazarjackson.com; Lee-Sin@SalazarJackson.com; pacetti@salazarjackson.com; cloyd@salazarjackson.com

Luis Salazar, Esq. on behalf of Creditor Gravity Midstream Corpus Christi, LLC
salazar@salazarjackson.com, jackson@salazarjackson.com; dagley@salazarjackson.com; aguilar@salazarjackson.com;Lee-Sin@SalazarJackson.com; pacetti@salazarjackson.com; cloyd@salazarjackson.com

Diane W Sanders on behalf of Creditor Nueces County
austin.bankruptcy@lgbs.com

Paul Steven Singerman, Esq on behalf of Other Professional Berger Singerman LLP
singerman@bergersingerman.com, mdiaz@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com

Jeffrey I. Snyder, Esq. on behalf of Creditor PDVSA Petroleo, S.A.
jsnyder@bilzin.com, eservice@bilzin.com; lflores@bilzin.com

Cristina M Suarez on behalf of Interested Party Mohammad Anwar Farid Al-Saleh
csuarez@astidavis.com

356624.2