## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| In re: | Case No. 14-29027-EPK |
| TRIGEANT HOLDINGS, LTD., *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

## DEBTORS' NOTICE OF FILING FULLY EXECUTED
## AMENDMENT NO. 13 TO ASSET PURCHASE AGREEMENT

Trigeant Holdings, Ltd., Trigeant, LLC, and Trigeant, Ltd., debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**Debtors**"), by and through undersigned counsel, file a fully executed copy of *Amendment No. 13 to Asset Purchase Agreement*, a true and correct copy of which is attached as **Exhibit** "**A**" hereto. The *Asset Purchase Agreement* is attached to the *Debtors' Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [ECF No. 40] as Exhibit 1.2(g) [ECF No. 40-1].

Dated: May 5, 2015

Respectfully Submitted,

Greenberg Traurig, P.A.
*Counsel for Debtors*
401 East Las Olas Blvd., Suite 2000
Ft. Lauderdale, FL 333012
Telephone: (954) 765-0500
Facsimile: (954) 759-5512

By: _/s/ Scott M. Grossman_____
SCOTT M. GROSSMAN
grossmansm@gtlaw.com
Florida Bar No. 0176702

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Trigeant Holdings, Ltd., (5375); Trigeant, LLC (2035); and Trigeant Ltd. (2037). The Debtors' business address is 3020 North Military Trail, Ste 100, Boca Raton, FL 33431.

## AMENDMENT NO. 13
## TO ASSET PURCHASE AGREEMENT

Amendment No. 13 (this "Amendment"), dated as of May 5, 2015, to that certain Asset Purchase Agreement made and entered into as of September 16, 2014, by and among (i) Trigeant, Ltd. (the "Seller"), (ii) Gravity Midstream Corpus Christi, LLC (the "Buyer") and (iii) the Other Seller Parties (solely with respect to the Joinder Provisions), as amended by Amendment No. 1 to Asset Purchase Agreement, dated as of October 2, 2014, Amendment No. 2 to Asset Purchase Agreement, dated as of October 8, 2014, Amendment No. 3 to Asset Purchase Agreement, dated as of October 29, 2014, Amendment No. 4 to Asset Purchase Agreement, dated as of November 11, 2014, Amendment No. 5 to Asset Purchase Agreement, dated as of November 25, 2014, Amendment No. 6 to Asset Purchase Agreement, dated as of December 12, 2014, Amendment No. 7 to Asset Purchase Agreement, dated as of January 14, 2015, Amendment No. 8 to Asset Purchase Agreement, dated as of January 30, 2015, Amendment No. 9 to Asset Purchase Agreement, dated as of February 10, 2015, Amendment No. 10 to Asset Purchase Agreement, dated as of February 16, 2015, Amendment No. 11 to Asset Purchase Agreement, dated as of March 2, 2015, and Amendment No. 12, dated as of March 2, 2015 (collectively, the "Asset Purchase Agreement").  Capitalized terms used in this Amendment and not otherwise defined herein shall have the meanings set forth in the Asset Purchase Agreement.

### RECITALS

WHEREAS, the Buyer and the Seller have agreed to amend the Asset Purchase Agreement on the terms and conditions set forth in this Amendment.

### AGREEMENT

NOW THEREFORE, for and in consideration of the foregoing recitals and for other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Buyer and the Seller hereby agree as follows:

**SECTION 1.**  Incorporation of Recitals.  The Recitals set forth above are true and correct and are incorporated into and made a part of this Amendment.

**SECTION 2.**  Amendments to Asset Purchase Agreement.

**2.1** Section 7.2(e)(i) to the Asset Purchase Agreement is hereby deleted in its entirety and replaced with the following:

"(i)    Either (x) the Bankruptcy Court shall have entered orders in the Chapter 11 Case (which may be the Confirmation Order) and, if required by the Bankruptcy Court, or the Buyer, in its reasonable discretion, the BTB Bankruptcy Case (as defined in the Plan Support Agreement) determining and providing that the Seller owns and has all of the right, title and interest in, to and under each of the Bay/Berry Agreements (as defined below) and may assign all of such rights, title and interest to the Buyer, which orders shall have become Final Orders (and the Seller shall have assigned and the Buyer shall have assumed all of the Bay/Berry

EXHIBIT A

Agreements) or (y) the Waterline Use Agreement, dated as of January 12, 1989, among Berry Contracting, Inc., Petcor Services, Inc. and the Seller, as successor in interest to Trifinery Petroleum Services (the "**Waterline Use Agreement**"), the Pipeline Use Agreement, dated as of January 12, 1989, between Berry Contracting, Inc. and the Seller, as successor in interest to Trifinery (the "**Pipeline Use Agreement**"), the Easement, effective as of June 11, 1989, among Berry Contracting, Inc., Harbor Refining, Inc., Bay, Inc., and the Seller, as successor to Trifinery (the "**Berry Easement**), the Lease Agreement, dated as of October 18, 2001, between Berry GP, Inc. and Seller (the "**Berry Lease**"), the Lease Agreement, dated as of March 24, 2006, between Berry GP, Inc. and Seller (the "**2006 Lease**") and the Special Warranty Deed with Vendor's Lien dated October 18, 2001 between Berry GP, Inc., as grantor, and Seller, as grantee (the "**2001 Deed**", and together with the Waterline Use Agreement, the Pipeline Use Agreement, the Berry Easement, the Berry Lease and the 2006 Lease, the "**Bay/Berry Agreements**") shall have been replaced at the Closing by new agreements among the Buyer and a member of the Bay/Berry Group on terms approved by the Buyer, <u>provided</u>, that each such new agreement shall not (A) impose any Liability upon the Seller (other than with respect to Cure Payments payable in respect of the Bay/Berry Agreements) and (B) be materially less beneficial to the Buyer than such existing Bay/Berry Agreement is to the Seller."

**2.2** In Section 3.13, the reference to "Bay/Berry Agreements" is hereby changed to "Original Bay/Berry Agreements" and the reference to "RR Contracts" is changed to "Original RR Contracts", each as defined in Exhibit B to this Amendment.

**2.3** Section 7.2(i)(i) is amended by deleting such subsection in its entirety and replacing it with the following:

"(i) Unless HIII and the HIII Parties abandon any and all interest such parties may have in the heels located at the Acquired Real Property (the "<u>Heels</u>") in a manner acceptable to the Buyer, the Heels shall be removed from the Acquired Real Property, at no cost to the Buyer, no later than five (5) days after the entry of the Confirmation Order,"

**2.4** Section 8.2(l) is amended by deleting such subsection in its entirety and replacing it with the following:

"<u>Consents</u>. The Third Party Consents identified on <u>Schedule 8.2(l)</u> and the Governmental Consents identified on <u>Schedule 3.6(b)</u>."

**2.5** On Schedule 1.1(a)(ii), the reference to "[a]ll Leases included in the RR Contracts identified and described on Schedule 3.6(a)" is hereby changed to "[a]ll Leases included in the RR Contracts identified and described on Schedule 8.2(l)".

**2.6** Schedule 1.1(a)(v) and Schedule 3.6(a) to the Asset Purchase Agreement are hereby deleted in their entirety and replaced with the new Schedule 1.1(a)(v) attached hereto as Exhibit A and the new Schedule 3.6(a) attached hereto as Exhibit B.

**2.7** Schedule 1.1(b)(i) to the Asset Purchase Agreement is hereby amended by deleting the word "None" and replacing it with "The RR Contracts not listed on Schedule 8.2(l)."

**2.8** Schedule 1.1(b)(ii) to the Asset Purchase Agreement is hereby amended by deleting the word "None" and replacing it with "The RR Contracts not listed on Schedule 8.2(l)."

**2.9** On Schedules 3.11, 3.12, 3.12(c), and 3.13, the references to "Bay/Berry Agreements" are hereby changed to "Original Bay/Berry Agreements."

**2.10** On Schedules 3.11, 3.12, 3.12(b), 3.12(c), and 3.18, the references to "RR Contracts" are hereby changed to "Original RR Contracts."

**2.11** Schedule 8.2(l) to the Asset Purchase Agreement, attached hereto as Exhibit C, is hereby added to the Asset Purchase Agreement.

**SECTION 3.** <u>Compliance with Asset Purchase Agreement</u>. On the date hereof, each of the Buyer and the Seller represents and warrants severally and not jointly to the other party that, after giving effect to this Amendment, (i) it is in compliance with all of the terms and provisions set forth in the Asset Purchase Agreement and (ii) no breach on its part has occurred and is continuing under the Asset Purchase Agreement.

**SECTION 4.** <u>Effect of Amendment on the Asset Purchase Agreement</u>. The provisions of this Amendment shall govern and control over any conflicting or inconsistent provisions of the Asset Purchase Agreement. Except as specifically amended hereby, the terms and provisions of the Asset Purchase Agreement are in all other respects ratified and confirmed and remain in full force and effect without modification or limitation. Any reference to the Asset Purchase Agreement shall be deemed a reference thereto as amended by this Amendment. This Amendment shall be limited precisely as written and, except as expressly provided herein, shall not be deemed or construed (i) to be a consent granted pursuant to, or a waiver, modification or forbearance of, any term or condition of the Asset Purchase Agreement, any of the instruments or agreements referred to therein or a waiver of any breach under the Asset Purchase Agreement, whether or not known to any Party, or (ii) to prejudice any right or remedy which any Party may now have or have in the future under or in connection with the Asset Purchase Agreement, or any of the instruments or agreements referred to therein, as applicable.

**SECTION 5.** <u>Effectiveness of This Amendment</u>. This Amendment shall become effective and binding on each Party upon the execution by, and receipt by the Parties hereto of, signature pages signed by the Seller and the Buyer. The Other Seller Parties are executing this Agreement solely to acknowledge that their agreements to the Joinder Provisions remain in full force and effect, and are not expanded, reduced, or otherwise altered in any respect by reason of the execution, delivery and/or performance of this Amendment.

**SECTION 6.** <u>Governing Law; Jurisdiction</u>. **THIS AMENDMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL**

**LAWS OF THE STATE OF DELAWARE WITHOUT GIVING EFFECT TO ANY CHOICE OR CONFLICT OF LAW PROVISION OR RULE (WHETHER OF THE STATE OF DELAWARE OR ANY OTHER JURISDICTION) THAT WOULD CAUSE THE APPLICATION OF THE LAWS OF ANY JURISDICTION OTHER THAN THE STATE OF DELAWARE.** Section 11.14 of the Asset Purchase Agreement is incorporated herein by this reference, with such changes thereto, as the context requires.

**SECTION 7.** Counterparts; Electronic Execution. This Amendment may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement. Delivery of an executed copy of this Amendment shall be deemed to be a certification by each person executing this Amendment on behalf of a Party hereto that such person and Party hereto has been duly authorized and empowered to execute and deliver this Amendment and each other Party hereto may rely on such certification. Delivery of any executed signature page of this Amendment by telecopier, facsimile or electronic mail shall be as effective as delivery of a manually executed signature page of this Amendment.

**SECTION 8.** Reference to Asset Purchase Agreement. All references to the "Asset Purchase Agreement", "hereunder", "hereof" or words of like import in the Asset Purchase Agreement shall mean and be a reference to the Asset Purchase Agreement as modified hereby and as may in the future be amended, restated, supplemented or modified from time to time in accordance with its terms.

*[Remainder of page intentionally left blank*
*Signatures on next page].*

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have executed and delivered this Amendment No. 13 to Asset Purchase Agreement as of the date hereof.

**THE BUYER:**

GRAVITY MIDSTREAM CORPUS CHRISTI, LLC

By: _____

Name: Jason B. Goldstein

Title: CFO

**THE SELLER**:

TRIGEANT, LTD.
By its general partner, Trigeant, LLC

By: _____
Name: Stephen Roos
Title: Manager

[Signature Page to Amendment No. 13 to Asset Purchase Agreement]

6385736-5

ACKNOWLEDGED AND ACCEPTED:

**OTHER SELLER PARTIES:**

**TRIGEANT, LLC**

By: _____
Name:  Stephen Roos
Title:   Manager

**TRIGEANT HOLDINGS, LTD.**
By Trigeant Holdings LLC, its general partner

By: _____
Name:  Harry Sargeant, Jr.
Title:   Manager

**TRIGEANT HOLDINGS, LLC**

By: _____
Name:  Harry Sargeant, Jr.
Title:   Manager

[Signature Page to Amendment No. 13 to Asset Purchase Agreement]

6385736-5

_____
Harry Sargeant, Jr.

_____
Dan Sargeant

_____
James Sargeant

[Signature Page to Amendment No. 13 to Asset Purchase Agreement]

## **Exhibit A**

**New Schedule 1.1(a)(v) to Asset Purchase Agreement**

Schedule 1.1(a)(v)

Assigned Contracts

1. Lease Agreement dated March 24, 2006 between the Seller, as landlord, and Berry GP, Inc., as Tenant.
2. Waterline Use Agreement dated January 12, 1989 between Berry Contracting, Inc., the Seller (f/k/a Trifinery Petroleum Services, Ltd.) and Petcor Services, Inc.
3. Easement dated June 11, 1989 between Berry Contracting, Inc., Harbor Refining, Inc. and the Seller as successor in interest to Trifinery.
4. Pipeline Use Agreement dated January 12, 1989 between Berry Contracting, Inc. and the Seller as successor in interest to Trifinery.
5. Lease Agreement dated October 18, 2001 between Berry Contracting, Inc. and the Seller.
6. Special Warranty Deed dated October 18, 2001 between Berry GP, Inc. (f/k/a Berry Contracting, Inc.), as grantor, to the Seller as successor or assignee of Trigeant Terminals, Ltd., as grantee.
7. The RR Contracts identified and described on Schedule 8.2(l), other than that certain Easement for railroad purposes from Alice Dunn to Missouri Pacific Railroad Co., dated May 6, 1958, recorded in Volume 813, Page 513.

**Exhibit B**

**New Schedule 3.6(a) to Asset Purchase Agreement**

Schedule 3.6(a)
Third Party Consents

Consents required by the following (the "Original Bay/Berry Agreements"): the Dock Use, Construction Maintenance and Option Agreement, effective as of November 1, 2001, among Berry GP, Inc., Berry Contracting, LP and the Seller, Waterline Use Agreement, dated as of January 12, 1989, among Berry Contracting, Inc., Petcor Services, Inc. and the Seller, as successor in interest to Trifinery Petroleum Services, Road Use Agreement, dated as of January 12, 1989, among Berry Contracting, Inc. and the Seller, as successor in interest to Trifinery, the Pipeline Use Agreement, dated as of January 12, 1989, between Berry Contracting, Inc. and the Seller, as successor in interest to Trifinery, the Easement, effective as of June 11, 1989, among Berry Contracting, Inc., Harbor Refining, Inc., Bay, Inc., and the Seller, as successor to Trifinery, the Asphalt Purchase and Sale Agreement, dated as of November 1, 2001, among Seller, Bay, Ltd., and Berry Contracting, Inc., the Mutual Agreement for Dock Projects, dated as of April 16, 2002, between Bay Ltd. and the Seller, the Lease Agreement, dated as of October 18, 2001, between Berry GP, Inc. and Seller, the Lease Agreement, dated as of March 24, 2006, between Berry GP, Inc. and Seller, and the Special Warranty Deed with Vendor's Lien dated October 18, 2001 between Berry GP, Inc., as grantor, and Seller, as grantee.

Consents required under the Licenses and Permits and the required actions listed on Schedule 3.18.

Consents required from BTB, both in connection with (i) the loan it bought from American Capital Financial Services, Inc. and (ii) the wastewater permit identified on Schedule 3.18.

Consents required from Southcross Marketing Company Ltd., pursuant to that certain Base Contract for Sale and Purchase of Natural Gas by and between Southcross Marketing Company Ltd. and the Seller dated December, 2013.

Consents required from Direct Energy: electricity provider.

Any Consents required (i) by the Commitment for Title Insurance issued by Fidelity National Title Insurance Company, Commitment Number ATCH14043998, issued on August 27, 2014 with an effective date of August 17, 2014 (the "Fidelity Commitment"), which is a part of Schedule 3.11 or (ii) under the agreements referenced in the Fidelity Commitment.

Consent required by the following of the Seller's (current and former) railroad agreements (collectively, the "Original RR Contracts"):

| Party to Agreement | Folder No. | Audit No. | Date | Description |
|---|---|---|---|---|
| Union Pacific Railroad Co. | 745-88 | 202881 | 01-Feb-97 | Industry Track Contract covering use of 1,272 feet of Track No. ICC 50-118, CC150, Zone 13, Track 794 |
| Union Pacific Railroad Co. | 1332-23 | 148090 | 18-May-89 | Agreement covering `12" asphalt and two 2" steam pipeline crossing at MP 143.65. |
| Union Pacific Railroad Co. | 1332-24 | 148097 | 18-May-89 | Agreement covering 12" asphalt and two 2" steam pipeline crossings at |

| | | | | MP 143.51. |
|---|---|---|---|---|
| Union Pacific Railroad Co. | 969-51 | CA -87008 | 11-Mar-85 | Agreement covering underground 12" asphalt and 2" and 3" steam pipelines at MP 143.26. |
| Missouri Pacific Railroad Co. | 1193-29 | CA -87007 | 11-Mar-85 | Agreement covering underground 14" oil and gas pipelines at MP 143.89 (by Licensee's survey MP 143.51), at Eng. Chain St. 311+ 93.6. |
| Union Pacific Railroad Co. | 1395-73 | 171025 | 21-Mar-94 | Agreement for Lease of Industrial Property (triangular in shape ) at MP 143.6. |
| Union Pacific Railroad Co. | 1581-43 | 201422 | 01-Sep-97 | Agreement covering underground 30" Underground crude oil pipeline at MP 143.25. |
| Union Pacific Railroad Co. | 1584-56 | 201428 | 01-Sep-97 | Agreement covering underground 16' Underground firewater pipeline at MP 143.26. Ag. |
| Union Pacific Railroad Co. | 1581-47 | 201423 | 01-Sep-97 | Agreement covering underground 3", 4", 6" & 4" underground pipelines for conveying rain H20 return, oily H20, rain steam and condensate $H_2O$ return, oily $H_2O$, steam and condensate at MP 143.45. |
| Union Pacific Railroad Co. | 1581-46 | 201420 | 01-Sep-97 | Agreement covering an underground 4X 4 underground electrical conduit & instrumentation pipeline at MP 143.45 conveying instrumentation. |
| Union Pacific Railroad Co. | 1581-45 | 201417 | 01-Sep-97 | 8" underground asphalt pipeline at MP 143.63. |
| Union Pacific Railroad Co. | 1395-48 | - | - | Proposed 42" Underground Petroleum Line & a 60" Conveyor at MP 143.66. |
| Union Pacific Railroad Co. | 1770-81 | - | 27-Aug-99 | Proposed track construction project at Corpus Christi, TX - MP 142.51 to 144.51 |
| Missouri Pacific Railroad Co. | None | CA73999 | 23-Oct-75 | Commercial Road Crossing License Eng. Chain 312 + 18 – 116 feet West of P.S. Track No. 50-104 |
| Missouri Pacific Railroad Co. | None | - | - | Easement for railroad purposes from Alice Dunn to Missouri Pacific Railroad Co., dated May 6, 1958, recorded in Volume 813, Page 513 |
| Union Pacific Railroad | 745-88 | 202881 | 01-Feb-97 | Industry Track Contract – Articles of Agreement. 1,272 feet of Track No. ICC 50-118; Chain 0+00 + 1+32 + 0+86.8 + 12+72; MP 142.36 |
| Union Pacific Railroad | | 223704 | 18-Dec-01 | Agreement covering 2" condensate, |

| | | | | |
|---|---|---|---|---|
| Co. | 2024-75 | | | 2" stream, and 12" asphalt pipeline crossing |
| Union Pacific Railroad Co. | 2049-46 | - | 10-Dec-01 | Track Lease Agreement covering 4,592 feet of ICC Track No. 50-104 (Circ7: CC150, Yard 13, Track 120) and 1,244 feet of ICC Track No. 50-107 (Circ7: CC150, Yard 13, Track 791), as amended pursuant to that certain Joint Use Agreement and Supplement thereto, with Citgo |
| Union Pacific Railroad Co. | 2437-57 | - | 2-April-07 | Industry Track Contract covering 1,272 feet of ICC Track No. 794 (Circ7: CC150, Yard 13, Track 794) |
| Union Pacific Railroad Co. | 2062-74 | 224810 | 8-Mar-02 | Pipeline Crossing Agreement covering overhead pipe bridge pipeline crossing carrying one 2" and one 12" pipeline |
| Missouri Pacific Railroad Co. | None | CA74001 | 15-Oct-75 | Continuous line of steel pipe, 6" in diameter, and appurtenances; 79' west of P.S. Track No. 50-104 |
| Missouri Pacific Railroad Co. | None | CA73997 | 15-Oct-75 | Continuous line of steel pipe, 3" in diameter, and appurtenances; 75' west of P.S. Track No. 50-104 |
| Missouri Pacific Railroad Co. | 141773 | 168743 | 4-Feb-93 | Spur on newly acquired 4.56 acres (Old Corpus Christi Grain Property Spur) |

## Exhibit C

**New Schedule 8.2(l) to Asset Purchase Agreement**

Schedule 8.2(l)
Third Party Consents Required for Closing

Consents required by the Bay/Berry Agreements, to the extent required by Section 7.2(e)(i) of the Agreement.

Consents required under the Licenses and Permits (other than those required in connection with the Original RR Contracts) and the required actions listed on Schedule 3.18.

Any Consents required by the Baseline Title Commitment or under the agreements referenced in the Baseline Title Commitment.

Any Consents required by the following (collectively, the "RR Contracts") and that certain Easement for railroad purposes from Alice Dunn to Missouri Pacific Railroad Co., dated May 6, 1958, recorded in Volume 813, Page 513:

| Party to Agreement | Folder No. | Audit No. | Date | Description |
|---|---|---|---|---|
| Union Pacific Railroad Co. | 1332-23 | 148090 | 18-May-89 | Agreement covering `12" asphalt and two 2" steam pipeline crossing at MP 143.65. |
| Union Pacific Railroad Co. | 1332-24 | 148097 | 18-May-89 | Agreement covering 12" asphalt and two 2" steam pipeline crossings at MP 143.51. |
| Union Pacific Railroad Co. | 969-51 | CA -87008 | 11-Mar-85 | Agreement covering underground 12" asphalt and 2" and 3" steam pipelines at MP 143.26. |
| Union Pacific Railroad Co (as successor to Missouri Pacific Railroad Co.) | 1193-29 | CA -87007 | 11-Mar-85 | Agreement covering underground 14" oil and gas pipelines at MP 143.89 (by Licensee's survey MP 143.51), at Eng. Chain St. 311+ 93.6. |
| Union Pacific Railroad Co. | 1581-43 | 201422 | 01-Sep-97 | Agreement covering underground 30" Underground crude oil pipeline at MP 143.25. |
| Union Pacific Railroad Co. | 1584-56 | 201428 | 01-Sep-97 | Agreement covering underground 16' Underground firewater pipeline at MP 143.26. Ag. |
| Union Pacific Railroad Co. | 1581-47 | 201423 | 01-Sep-97 | Agreement covering underground 3", 4", 6" & 4" underground pipelines for conveying rain H20 return, oily H20, rain steam and condensate $H_2O$ return, oily $H_2O$, steam and condensate at MP 143.45. |
| Union Pacific Railroad Co. | 1581-46 | 201420 | 01-Sep-97 | Agreement covering an underground 4X 4 underground electrical conduit & instrumentation pipeline at MP 143.45 conveying instrumentation. |
| Union Pacific Railroad Co. | 1581-45 | 201417 | 01-Sep-97 | 8" underground asphalt pipeline at MP 143.63. |

6385736-5

| Union Pacific Railroad Co (as successor to Missouri Pacific Railroad Co.) | None | CA73999 | 23-Oct-75 | Commercial Road Crossing License Eng. Chain 312 + 18 – 116 feet West of P.S. Track No. 50-104 |
|---|---|---|---|---|
| Union Pacific Railroad Co (as successor to Missouri Pacific Railroad Co.) | None | - | - | Easement for railroad purposes from Alice Dunn to Missouri Pacific Railroad Co., dated May 6, 1958, recorded in Volume 813, Page 513 |
| Union Pacific Railroad Co. | 2024-75 | 223704 | 18-Dec-01 | Agreement covering 2" condensate, 2" stream, and 12" asphalt pipeline crossing |
| Union Pacific Railroad Co. | 2062-74 | 224810 | 8-Mar-02 | Pipeline Crossing Agreement covering overhead pipe bridge pipeline crossing carrying one 2" and one 12" pipeline |

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Scott M. Grossman
Scott M. Grossman

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Vincent F Alexander  vfa@kttlaw.com, lf@kttlaw.com
- David M Bennett    david.bennett@tklaw.com
- Mark D. Bloom    bloomm@gtlaw.com,
  MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Mark Bonacquisti    mark@mbpa-law.com,
  atty_ellison@trustesolutions.com,allusers@mbpa-law.com,annmarie@mbpa-law.com
- Alan R Crane    acrane@furrcohen.com,
  pmouton@furrcohen.com;atty_furrcohen@bluestylus.com
- John R. Dodd    doddj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com
- Heidi A Feinman   Heidi.A.Feinman@usdoj.gov
- Gregory S Grossman    ggrossman@astidavis.com, ngonzalez@astidavis.com
- Scott M. Grossman    grossmansm@gtlaw.com, smithl@gtlaw.com;
  MiaLitDock@gtlaw.com;FTLLitDock@GTLaw.com;miaecfbky@gtlaw.com
- Jordi Guso    jguso@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Charles H Lichtman    clichtman@bergersingerman.com,
  lwebster@bergersingerman.com;efile@bergersingerman.com
- Demetra L Liggins    demetra.liggins@tklaw.com
- Isaac M Marcushamer    imarcushamer@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Michael C Markham    mikem@jpfirm.com, minervag@jpfirm.com
- Paul J McMahon    pjm@pjmlawmiami.com
- Ari Newman    newmanar@gtlaw.com,
  crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Jodi Ann Pandolfi    jodi.pandolfi@bakermckenzie.com
- David L Rosendorf    dlr@kttlaw.com,
  rcp@kttlaw.com;CWT@kttlaw.com;ycc@kttlaw.com
- Deirdre B. Ruckman    druckman@gardere.com, koliver@gardere.com
- Jay Sakalo    jsakalo@bilzin.com, eservice@bilzin.com;lflores@bilzin.com

- Luis Salazar    salazar@salazarjackson.com,
  jackson@salazarjackson.com;dagley@salazarjackson.com;aguilar@salazarjackson.com;
  Lee-Sin@SalazarJackson.com;pacetti@salazarjackson.com;cloyd@salazarjackson.com
- Diane W Sanders    austin.bankruptcy@lgbs.com
- Paul Steven Singerman    singerman@bergersingerman.com,
  mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Jeffrey I. Snyder, Esq. jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- Cristina M Suarez    csuarez@astidavis.com
- Charles W Throckmorton    cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com

## **Manual Notice List**

| | | |
|---|---|---|
| AT&T<br>P.O. Box 5001<br>Carol Stream, IL 60197-5001 | Citgo Refining<br>and Chemicals Co.<br>1802 Nueces Bay Blvd.<br>Corpus Christi, TX 78407-2222 | Daegis<br>c/o Sinead O' Carroll, Esq.<br>Reeves & Brightwell LLP<br>221 W. 6th Stt, Ste 1000<br>Austin TX 78701-3418 |
| Daegis Inc.<br>600 East Las Colinas Boulevard<br>Suite 1500<br>Dallas, TX 75039-5651 | Gonzales, Raul<br>4433 Sutton Lane<br>Corpus Christi, TX 78411-4914 | Johann Haltermann Ltd.<br>Payable Acctg Service Center<br>P.O. Box 6004<br>Midland, MI 48641-6004 |
| Lussier, Michael<br>261 County Road 625<br>Sinton, TX 78387-5146 | McDonnell, Rex G., IV<br>P.O. Box 2193<br>Georgetown TX 78627-2193 | Missouri Pacific Railroad Company<br>1400 Douglas Street<br>Omaha, NE 68179-0002 |
| Nueces County Tax Collector<br>901 Leopard Street<br>Room 301<br>Corpus Christi, TX 78401-3602 | Paymaster, Inc.<br>1880 North Congress Avenue<br>Suite 222<br>Boynton Beach, FL 33426-8675 | Princeton Economics Group, Inc.<br>c/o Steven L. Gutter, Esq.<br>2200 Corporate Blvd. NW<br>Boca Raton, FL 33431-7387 |
| Sargeant Bulktainers<br>3020 North Military Trail<br>Suite 100<br>Boca Raton, FL 33431-1805 | Ramos, Jose Sr.<br>6902 Anastasia<br>Corpus Christi, TX 78413-4486 | Rich, Terri<br>24765 County Road 350<br>Mathis, TX 78368-4002 |
| Harry Sargeant II<br>3020 North Military Trail<br>Suite 100<br>Boca Raton FL 33431-1805 | Daniel Sargeant<br>3020 North Military Trail<br>Suite 100<br>Boca Raton FL 33431-1805 | James Sargeant<br>3020 North Military Trail<br>Suite 100<br>Boca Raton, FL 33431 |
| Reliant Energy Retail Services, LLC<br>P.O. Box 1046<br>Houston, TX 77251-1046 | Tequesta Insurance Advisors<br>218 S US Highway 1<br>Suite 300<br>Tequesta, FL 33469-2725 | Texas Workforce Commission<br>Special Actions Unit<br>Regulatory Integrity Division<br>101 E. 15th Street, Room 556<br>Austin, TX 78778-0001 |

Isaías Medina
Coordinator of Litigation and Claims
Management of International Matters
General Counsel's Office
Petróleos de Venezuela, S.A.
Av. Liberador, Torre Este Piso 1, Oficina 10-30
Consultoria Juridica, La Campina
Caracas. Venezuela 1050

Trigeant, Ltd.
3020 North Military Trail
Suite 100
Boca Raton, FL 33431-1805

U.S. Securities and Exchange
Commission Office of
Reorganization
950 East Paces Ferry Rd, Ste 900
Atlanta, GA 30326-1382

Rosa A Shirley
Baker & McKenzie LLP
2001 Ross Avenue #2300
Dallas, TX 75201

Valverde, Gary
6902 Anastasia
Corpus Christi, TX 78413-4486

Honorable Anne M. Gannon, CFC
Tax Collector
Palm Beach County
P.O. Box 3715
West Palm Beach, FL 33402-3715

Benjamin Mintz
Kaye Scholer
250 West 55th Street
New York, NY 10019-9710

Neal Hampton
Kaye Scholer
250 West 55th Street
New York, NY 10019-9710

David W. Parham
Baker & McKenie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201

Jonathan J. Walsh, Esq.
Curtis, Mallet-Prevost,
Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061

Christina K. Schovajsa
808 Travis St., Suite 1300
Houston, TX 77002

Theresa A. Foudy
Curtis, Mallet-Prevost,
Colt & Mosle LLP
101 Park Avenue
New York, NY 10178

Sundeep S. Sidhu, Esq.
Akerman LLP
420 S. Orange Avenue, Ste 1200
Orlando, FL 32801

Valero Terminaling and Distribution
Company
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Valero Terminaling and Distribution
Company
One Valero Way
San Antonio, Bexar County, Texas
78249-1616

Label Matrix for local noticing
113C-9
Case 14-29027-EPK
Southern District of Florida
West Palm Beach
Fri Jan 23 16:04:42 EST 2015

BTB Refining, LLC
c/o Charles W.Throckmorton, Esquire
Kozyak Tropin & Throckmorton, P.A.
9th Floor
Coral Gables, FL 33134
Via ECF

Bay Ltd.
Schauer & Simank, PC
c/o Ronald A. Simank
615 North Upper Braodway
Suite 700
Corpus Christi, TX 78401-0857

Berry Contracting LP
c/o Jodi Pandolfi Esq
1111 Brickell Ave #1700
Miami, FL 33131-3137
Via ECF

Berry GP Inc.
c/o Jodi Pandolfi Esq
1111 Brickell Ave #1700
Miami, FL 33131-3137
Via ECF

EnCap Flatrock Midstream Fund II, L.P.
Salazar Jackson, LLP
Attn: Luis Salazar
Two South Biscayne Blvd, Suite 3760
Miami, FL 33131-1815
Via ECF

Gravity Midstream Corpus Christi, LLC
Salazar Jackson, LLP
c/o Luis Salazar, Esq.
2 South Biscayne Blvd. Suite 3760
Miami, FL 33131-1815
Via ECF

Oil Refinery, LLC
c/o Moffa & Bonacquisti, P.A.
1776 N. Pine Island Rd.
Suite 102
Plantation, FL 33322-5200
Via ECF

PDVSA Petroleo, S.A.
c/o Jay M. Sakalo, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue
Suite 2300
Miami, FL 33131-3456 - Via ECF

Trigeant Holdings, Ltd.
3020 North Military Trail, Ste. 100
Boca Raton, FL 33431-1805

Trigeant, LLC
3020 North Military Trail, Ste. 100
Boca Raton, FL 33431-1805

Union Pacific Railroad Company
1400 Douglas Street Stop 1580
Omaha, NE 68179-0002

BTB Refining, LLC
c/o David L. Rosendorf
Kozyak Tropin Throckmorton LLP
2525 Ponce de Leon Boulevard
Coral Gables, Florida 33134-6039
Via ECF

BTB Refining, LLC
c/o Mark T. Mitchell, Esq.
Gardere Wynne Sewell LLP
600 Congress Ave., Ste. 3000
Austin TX 78701-3056

Bay Ltd.
P.O. Box 9908
Corpus Christi, TX 78469-9908

Bay, Ltd.
c/o Ronald A. Simank
Schauer & Simank, PC
615 North Upper Broadway, Suite 700
Corpus Christi, TX 78401-0857

Berry Contracting, Inc.
P.O. Box 4858
Corpus Christi, TX 78469-4858

Berry GP, Inc. d/b/a Bay, Ltd.
P.O. Box 9908
Corpus Christi, TX 78469-9908

Cameron-McKinney, LLC
1001 McKinney
Suite 580
Houston, TX 77002-6425

City of Corpus Christi
1201 Leopard Street
Corpus Christi, TX 78401-2120

Claims Purchase Systems, Inc.
c/o Alan R. Crane, Esq.
Furr & Cohen, P.A.
One Boca Place, Ste. 337W
Boca Raton FL 33431
Via ECF

Corpus Christi Area Oil Spill Control
1231 Navigation Blvd.
Corpus Christi, TX 78402-1911
Returned Mail / Underliverable

Crowell & Moring LLP
1001 Pennsylvania Avenue
Washington, DC 20004-2595

Crowell & Moring LLP
Attn:  Matthew W Cheney
1001  Pennsylvania Ave NW
Washington, DC 20004-2595

Cunningham Law Group
2221 Brun Street
Houston, TX 77019-6507

Davis & Co.
700 Bay Street East
Nassau, Bahamas

Direct Energy Business
1001 Liberty Avenue
12th Floor
Pittsburgh, PA 15222-3715

Freepoint Commodities Trading and Market
58 Commerce Blvd.
Stamford, CT 06902-4506

Grant Thornton, LLP
33911 Treasury Center
Chicago, IL 60694-3900

Hartline, Dacus, Barger,Dreyer LLP
c/o Michael G Terry
800 N Shoreline Blvd #2000 North
Corpus Christi, TX 78401-3759

```
Internal Revenue Service              International Oil Trading Company, Ltd.   Merrill Communications, LLC
P.O. Box 7346                         c/o David L. Rosendorf                   Attn:  Leif Simpson
Philadelphia, PA 19101-7346           Kozyak Tropin Throckmorton LLP           1 Merrill Cir
                                      2525 Ponce de Leon Boulevard             St Paul MN 55108-5267
                                      Coral Gables, Florida 33134-6039
                                      Via ECF


Merrill Communications, LLC           Message Labs, Inc.                       Nueces County
CM-9638                               512 Seventh Avenue                       c/o Diane W. Sanders
Saint Paul, MN 55170-9638             6th Floor                                Linebarger Goggan Blair & Sampson, LLP
                                      New York, NY 10018-4606                  P.O. Box 17428
                                      Returned Mail / Underliverable           Austin, Tx 78760-7428
                                                                               Via ECF


Odfjell Tankers AS                    Office of the US Trustee                 PDVSA
c/o Robert L. Klawetter, Esq.         51 S.W. 1st Ave.                         c/o Steven J. Reisman, Esq.
Eastham, Watson, Dale & Forney, LLP   Suite 1204                               Curtis, Mallet-Prevost, et al.
808 Travis, Suite 1300                Miami, FL 33130-1614                     101 Park Avenue
Houston, TX 77002-5825                Via ECF                                  New York, NY 10178-0061


PDVSA Petroleos, S.A.                 Reliant Energy                           Sargeant Marine, Inc.
c/o Steven J. Reisman, Esq.           Dept. 650475                             3020 N. Military Trail
Curtis, Mallet-Prevost, Colt & Mosle LLP  1501 N. Plano Road                   Boca Raton, FL 33431-1805
101 Park Avenue                       Richardson, TX 75081-2430
New York, New York 10178-0002


Swordfish Asphalt Investments, LLC    Texas Asphalt Refining Company, LLC      Travieso Evans Arria Rengel & Paz
3020 North Military Trail             c/o David M. Toblan, Esq.                Edificio Atlantic, Piso 6
Suite 100                             Oldcastle Law Group                      Avenida Andres Bello
Boca Raton, FL 33431-1805             900 Ashwood Pkwy., Ste. 700              Los Grandes
                                      Atlanta, GA 30338-4780                   Caracas 1060, Venezuela


Union Pacific Railroad Company        Whiteford, Taylor & Preston LLP          Whiteford, Taylor & Preston L.L.P.
Attn:  Mary Ann Kilgore, Jennie L Anders  1025 Connecticut Avenue NW           c/o Dennis Shaffer, Esquire
1400 Douglas St STOP 1580             Washington, DC 20036-5410                Seven Saint Paul Street, 18th Floor
Omaha, NE 68179-0002                                                           Baltimore, MD 21202-1697


Ari Newman Esq.                       Bill Hardin                              Charles H Lichtman
333 S.E. 2nd Avenue, Suite 4400       c/o Navigant Consulting, Inc             350 E Las Olas Blvd # 1000
Miami, FL 33131-2184                  30 S Wacker Dr #3100                     Ft Lauderdale, FL 33301-4215
Via ECF                              Chicago, IL 60606-7444                    Via ECF


Daniel Sargeant                       Harry Sargeant III                       Harry Sargeant, II
c/o Isaac M. Marcushamer              c/o Kozyak Tropin & Throckmorton LLP     c/o Isaac M. Marcushamer
Berger Singerman LLP                  2525 Ponce de Leon Blvd.                 Berger Singerman LLP
1450 Brickell Avenue                  9th Floor                                1450 Brickell Avenue
Suite 1900                            Coral Gables, FL 33134-6039              Suite 1900
Miami, FL 33131-5319 - Via ECF        Via ECF                                  Miami, FL 33131-5319 - Via ECF

James Sargeant                        John R. Dodd Esq.                        Mark D. Bloom Esq.
c/o Isaac M. Marcushamer              333 Ave of the Americas #4400            333 S.E. 2nd Avenue #4400
Berger Singerman LLP                  Miami, FL 33131-2184                     Miami, FL 33131-2184
1450 Brickell Avenue                  Via ECF                                  Via ECF
Suite 1900
Miami, FL 33131-5319 - Via ECF

Mohammad Anwar Farid Al-Saleh         Scott M. Grossman Esq.
c/o Astigarraga Davis Mullins & Grossman  401 E Las Olas Blvd #2000
1001 Brickell Bay Drive               Fort Lauderdale, FL 33301-4223
9th Floor                             Via ECF
Miami, FL 33131-4937
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Berger Singerman LLP

(u)Claims Purchase Systems, Inc.

(u)Nueces County


(u)Odfjell Tankers AS
c/o Paul Joseph McMahon, P.A.
Miami

(d)Trigeant, Ltd.
3020 North Military Trail
Suite 100
Boca Raton, FL 33431-1805

(u)West Palm Beach


(d)BTB Refining, LLC
c/o Mark T. Mitchell, Esq.
Gardere Wynne Sewell LLP
600 Congress Ave., Ste. 3000
Austin, TX 78701-3056

(d)Trigeant Holdings, Ltd.
3020 North Military Trail
Suite 100
Boca Raton, FL 33431-1805

(d)Trigeant, LLC
3020 North Military Trail
Suite 100
Boca Raton, FL 33431-1805


(u)Isaac Marcushamer

End of Label Matrix
Mailable recipients    58
Bypassed recipients    10
Total                  68